## Martinez v Chung Hwa Tenants Corp.

2024 NY Slip Op 32581(U)

July 24, 2024

Supreme Court, Kings County

Docket Number: Index No. 518572/2019

Judge: Gina Abadi

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, City Part 22 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse thereof at 360 Adams St., Brooklyn, New York on the 24th day of July 2024.

PRESENT:

HON. GINA ABADI,
J.S.C.

---

JUAN MARTINEZ,

                                        Plaintiff,

-against-

CHUNG HWA TENANTS CORP., BETHEL MANAGEMENT INC., NEW YORK CITY HOUSING AUTHORITY, CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF TRANSPORTATION, and NEW YORK CITY ENVIRONMENTAL PROTECTION,

                                        Defendants.

---

Index No.: 518572/2019
Motion Seq: 6 & 7

DECISION/ORDER

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of this motion:

| Papers | NYSCEF Numbered |
|---|---|
| Notice of Motion/Cross Motion/Order to Show Cause and Affidavits (Affirmations) Annexed.................................... | 159 – 175, 181 – 184 |
| Opposing Affidavits (Affirmations)..................................... | 176 – 180, 188 – 193, 199 – 200 |
| Reply Affidavits (Affirmations)........................................ | 194 – 197, 198 |
| Other........................................................................ | |

Upon the foregoing cited papers and after oral argument, the Decision/Order on this motion is as follows:

Defendants Chung Hwa Tenants Corp. ("Chung") and Bethel Management Inc. ("Bethel" and, collectively with Chung, the "167 Sands Street defendants") move by motion sequence 6 for summary judgment dismissing the complaint and all cross claims as against them. Defendant New York City Housing Authority ("NYCHA") cross-moves by motion sequence 7 for an order

1

[* 1]

granting it summary judgment on liability on its crossclaim for contractual indemnification as against Chung.

Plaintiff Juan Martinez ("plaintiff"), a resident of NYCHA's Farragut Houses at 177 Sands Street in Brooklyn, New York, alleges that he was injured when he tripped and fell due to a sidewalk defect in and around a recessed utility box cover with the initials "DWS" (the "utility box cover")[1] as he was walking in the alleyway between his building at 177 Sands Street and the abutting privately owned building at 167 Sands Street.

The area between 177 Sands Street and 167 Sands Street is the subject of an Easement Agreement between NYCHA and Chung's predecessor-in-title to the 167 Sands Street parcel (the "easement agreement"). The indemnification provision of the easement agreement states, in relevant part, paragraph 7, that:

> "The Corporation [Chung's predecessor-in-title] assumes all risks of loss or accidents in connection with the use of the easement herein given and agrees to hold harmless and indemnify the Authority [NYCHA], its agents, representatives, and employees against any and all losses or liability, any injury or damage, or alleged injury or damage, to persons or property, caused or resulting from, or claimed to have resulted from, the use of the easement herein given and any or all costs and expenses by reason of any claim or suit for such injury or damage."

Notice of Motion, Exhibit I, NYSCEF doc. no. 172.

Motion Sequence 6

"The law imposes a duty to maintain property free and clear of dangerous or defective conditions only upon those who own, occupy, or control property, or who put the property to a special use or derive a special benefit from it." *Diaz v City of New York*, 222 AD3d 946, 946-947

---

[1] The initials "DWS" stand for the New York City Department of Environmental Protection Department of Water Supply. *See Flynn v City of New York*, 2016 WL 4943437 (Sup Ct, NY County 2016), *affd* 154 AD3d 488 (1st Dept 2017). The utility box cover in this case was for the water valve adjacent to a City fire hydrant. *See* Notice of Motion, Exhibit K, Frank S. Ferrantello Expert Affidavit, NYSCEF doc. no. 174; *see also* Notice of Motion, Statement of Material Facts, para. 28, NYSCEF doc. no. 162 (States that "the metal is owned by the City of New York," which has not been refuted.).

[* 2]

(2d Dept 2023). "'Rules of City of New York Department of Transportation (34 RCNY) § 2–07(b) provides that owners of covers or gratings on a street . . . are responsible for monitoring the condition of the covers and gratings and the area extending 12 inches outward from the perimeter of the hardware, and for ensuring that the hardware is flush with the surrounding surface.'" *Id.* citing *Nyack v City of New York,* 153 A.D.3d 1266, 1266 (2 Dept 2017); *see* 34 RCNY § 2–07(b). "Additionally, a party may be liable for an affirmative act of negligence which results in the creation of a dangerous condition upon a public street or sidewalk." *Diaz,* 222 AD3d 946.

In support of their motion, the 167 Sands Street defendants submitted plaintiff's notice of claim, plaintiff's testimony at his GML § 50-h hearing, his pretrial deposition testimony, and his authenticated photographs depicting the incident location, which collectively demonstrate that the alleged sidewalk defect that caused his fall was in the area surrounding (and within 12 inches outward from the perimeter) of the utility box cover. Moreover, the 167 Sands Street defendants established that they did not perform any work in the area where the incident happened and did not create the alleged defective condition that caused or contributed to plaintiff's fall, nor did they have notice of the alleged dangerous condition. In opposition, the objecting parties failed to raise a triable issue of fact.

Motion Sequence 7

"'An easement appurtenant occurs when the easement (1) is conveyed in writing, (2) is subscribed by the creator, and (3) burdens the servient estate for the benefit of the dominant estate' and it passes 'to subsequent owners of the dominant estate through appurtenance clauses, even if it is not specifically mentioned in the deed.'" *Swinson v Shine,* 201 AD3d 982, 983 (2d Dept 2022), quoting *Reilly v Achitoff,* 135 AD3d 926, 927 (2 Dept 2016). "An owner of land is bound by an easement which appears in deeds or other instruments of conveyance of record in their property's

3

[* 3]

direct chain of title." *Swinson*, 201 AD3d 982. Here, defendant Chung is bound by the terms of the easement agreement as the subsequent owner of the 167 Sands Street parcel because the easement agreement appeared in deeds and other instruments recorded in the direct chain of title.

Nonetheless, the fact that the aforementioned indemnification clause, on its face, allocates liability for third-party injuries (such as plaintiff's injuries herein) resulting from the use of the easement to Chung as the current abutting property owner, does not end the inquiry. As stated, 34 RCNY § 2-07(b) imposes the duty of maintenance and repair of covers (such as the utility box cover in this case) on the owner of the cover, which in this case is the City. The record reflects that the defective area of the alleyway where plaintiff fell was within the 12-inch zone of the utility box cover which the owner of the cover was required to repair and maintain pursuant to 34 RCNY § 2-07(b). The Appellate Division, Second Department in Flynn v City of New York (84 AD3d 1018 [2011]) held that where a cover or grating was located on a sidewalk for which the abutting property owner was responsible under the Administrative Code, "that there is nothing in Section 7–210 of the Administrative Code of the City of New York indicating that the City Council intended to supplant the provisions of 34 RCNY 2–07(b) and to allow a plaintiff to shift the statutory obligation of the owner of the cover or grating to the abutting property owner." *Flynn v City of New York*, 84 AD3d 1018, 1019 (2d Dept 2011) citing *Storper v Kobe Club*, 76 AD3d 426, 427 (1st Dept 2010); *see also Roman v Bob's Discount Furniture of NY, LLC*, 116 AD3d 940, 941 (2d Dept 2014).

Here, the aforementioned indemnification provision (akin to the Administrative Code provision construed in Flynn) does not supplant the cover owner's liability under 34 RCNY § 2-07(b) for the maintenance and repair of the utility box cover. Accordingly, NYCHA is not entitled to indemnification against Chung under the easement agreement for the underlying incident.

4

Accordingly, it is

ORDERED that defendants Chung Hwa Tenants Corp. and Bethel Management Inc's motion for summary judgment in motion sequence 6 is granted in its entirety, the complaint and all cross claims as against them are dismissed, the action is severed and continued against the remaining defendants, and the caption is amended accordingly; and it is further

ORDERED that defendant New York City Housing Authority's cross motion in motion sequence 7 for an order granting it summary judgment on its crossclaim for contractual indemnification against defendant Chung Hwa Tenants Corp is denied.

All relief not specifically granted herein is denied.

The foregoing constitutes the decision and order of this Court.

E N T E R:

HON. GINA ABADI
J.S.C.

[* 5]